UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-601-RJC

| | | |
|---|---|---|
| GREGORY DARIN ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AMIT PATEL, BUDGET INN MOTEL, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se Complaint pursuant to 42 U.S.C. § 1983, filed November 28, 2011. (Doc. No. 1).

Plaintiff is a federal pre-trial detainee charged with multiple counts of bank fraud, wire fraud, HUD fraud and money laundering and one count of assaulting/resisting/impeding officers/employees. (Case No. 3:10-cr-260, Doc. No. 1). According to his Complaint, Plaintiff resided at defendant Budget Inn Motel ("Budget") prior to his arrest and stored his personal possessions and business files in a locked storage area in the motel. (Doc. No. 1 at 4). Plaintiff asserts that Defendant Amit Patel ("Patel") signed a form giving federal agents consent to search the storage area and seize Plaintiff's business files and personal papers without a warrant. (Id.). Plaintiff states that he had an oral contract with Patel to store his belongings and papers in the locked storage area for a weekly fee and that Patel "had no right to give [his] stuff to federal agents based on a request by them to sign their consent form." (Id.). Plaintiff is seeking monetary damages from Defendants.

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal

constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Allegations in a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure in the pleading to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). Indeed, Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has conducted an initial review of Plaintiff's Complaint and has determined that Plaintiff's Complaint shall be dismissed because Plaintiff has failed to state a claim upon which relief may be granted.

Neither Budget nor Patel is amenable to suit under § 1983 as neither are "state actors." See West v. Atkins, 487 U.S. 42, 49-50 (1988) (defining a "state actor" as one whose actions are "fairly attributed to state") (citation and quotation omitted); United States v. Classic, 313 U.S. 299, 326 (1941) (One acts under color of state law when he has exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."). However, because Patel allegedly provided consent to federal agents to search Plaintiff's belongings, the Court also considers whether Plaintiff has raised a cognizable Bivens claim. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (recognizing Federal courts' authority under 28 U.S.C. § 1331 to award damages for

2

infringement by federal officials of constitutionally protected interests). The Court concludes that he has not.

In <u>Bivens</u>, the Supreme Court held that a "violation of [the Fourth Amendment] by a federal agent acting under color of his authority gives rise to a cause of action for damages." 403 U.S. at 389. As a private entity, Budget is not a proper defendant under <u>Bivens</u>. <u>See</u> <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61 (2007) (declining to extend <u>Bivens</u>' holding to confer a right of action for damages against a private entity acting under color of federal law). With regard to Patel, Plaintiff does not allege that he is a federal agent, and neither the Supreme Court nor the Fourth Circuit Court of Appeals has extended the holding in <u>Bivens</u> to allow recovery of damages from a private individual. <u>See</u> <u>Holly v. Scott</u>, 434 F.3d 287, 295-297 (4th Cir. 2006). Even assuming that a private party could be subject to liability under <u>Bivens</u>, Plaintiff has failed to allege sufficient facts from which the Court could infer that Patel's actions were "fairly attributable" to the federal government.[1] <u>See id.</u> at 291-292 (concluding that even if <u>Bivens</u>' holding could reach private individuals, it would be limited to conduct "fairly attributable" to the federal government); <u>see also</u> <u>Bell Atl. Corp. v. Twombley</u>, 550 U.S. 544, 555, 570 (2007) (To survive initial review, a complaint must contain "enough facts to state a claim to relief that is plausible on its face.").

**IT IS, THEREFORE, ORDERED** that Plaintiff's § 1983 Complaint, (Doc. No. 1), is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915A(b)(1).

---

[1] Plaintiff filed a motion in his criminal case to suppress all evidence gathered as a result of the search at the Budget Inn Motel. (Case No. 3:10-cr-260-MOC, Doc. No. 25). That motion was denied by the trial court after a hearing on the matter. (<u>Id.</u>, Doc. Entry Nov. 8, 2011). As of the date of this Order, no judgment has been entered in Plaintiff's criminal case.

Signed: December 20, 2011

*[signature]*

Robert J. Conrad, Jr.
Chief United States District Judge